**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4627**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

ARTHUR DEJUAN CRAWLEY,

         Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cr-00197-JAB-1)

Submitted: March 29, 2016        Decided: April 12, 2016

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Dejuan Crawley pled guilty, pursuant to a conditional plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Crawley to 37 months' imprisonment and imposed a 3-year term of supervised release. Crawley's plea agreement specifically permitted him to appeal the district court's order, which was entered prior to the guilty plea, denying Crawley's motion to dismiss the indictment on speedy trial grounds. For the reasons that follow, we affirm this ruling and the criminal judgment.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has rejected a bright-line test to determine whether a defendant's speedy trial right under the Sixth Amendment has been violated and instead has outlined four factors to be weighed in a balancing test. Barker v. Wingo, 407 U.S. 514, 529-30 (1972). Specifically, this court is to consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right,* and prejudice to the defendant." Id. at 530. For his

---

* The district court concluded that this Barker factor weighed in Crawley's favor, and this determination is not implicated in this appeal.

2

claim to succeed, Crawley must "establish that on balance, the four separate [Barker] factors weigh in his favor." United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009) (alteration and internal quotation marks omitted). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530.

The record reflects, and the parties do not dispute, that the charging indictment was returned on May 27, 2014, and Crawley's trial was scheduled to begin on May 11, 2015. Consistent with this court's precedent, the district court ruled that this delay was presumptively prejudicial and proceeded to analyze the remaining Barker factors. See United States v. Woolfolk, 399 F.3d 590, 598 (4th Cir. 2005) (recognizing that the time frame for presumptive prejudice is flexible and observing that a shorter time frame (there, eight months) was appropriate because defendant's prosecution was not complex). Although not challenged on appeal, we note our agreement with this threshold determination.

We also agree with the district court's balancing of the other Barker factors. Specifically, although the court opined that the Government bore more responsibility for the delay than did Crawley, it weighed the second Barker factor in the

3

Government's favor because the reasons for the delay were either valid or neutral. We discern no error in this legal conclusion. See Barker, 407 U.S. at 531 (opining that "[a] more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant"). Compare United States v. Ferreira, 665 F.3d 701, 705-06 (6th Cir. 2011) (opining that a near three-year delay between defendant's indictment and his initial appearance and arraignment, for which the district court found the Government was solely responsible, was "rightly characterized as 'beyond simple negligence,'" and upholding decision to weigh the second Barker factor in favor of defendant).

Finally, we are not persuaded by Crawley's argument that he was prejudiced by the delay. With regard to the prejudice inquiry, a court is to consider: (1) whether the defendant's pretrial incarceration was oppressive; (2) the defendant's anxiety and concern; and (3) the possibility that the delay hampered the defendant's ability to prepare his defense. Doggett v. United States, 505 U.S. 647, 654 (1992). At the most, Crawley asserted nonspecific anxiety caused by inertia and the lack of communication between the U.S. Attorney's Office and the district court upon Crawley's arrival in the Middle District

4

of North Carolina, but he cites to no authority to support the proposition that this type of generalized anxiety establishes prejudice to the defendant.

We thus find no reversible error in any aspect of the district court's rationale for rejecting Crawley's speedy trial arguments. Accordingly, we affirm the court's order denying Crawley's motion to dismiss, and we affirm the ensuing criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>